IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALKER & SONS, L.L.C., | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. _____ |
|  | ) |
| SLAP YA MOMMA'S BILOXI, INC; | ) |
| and | ) |
| JOYCE WINTZELL, | ) |
|     Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, **Walker & Sons, L.L.C.**, and for its Complaint against Defendants **Slap Ya Momma's Biloxi, Inc.** ("Biloxi") and **Joyce Wintzell** states as follows:

### NATURE OF THE CASE

1.    This is an action at law and in equity for trademark infringement, dilution, false advertising, unfair competition arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. Secs. 1114 and 1125; and for unfair competition under the Louisiana Unfair Trade Practices and Consumer Protection Law (UTPCPL), LSA-R.S. 51:1401 et seq.

### THE PARTIES

2.    Plaintiff is a Louisiana limited liability company domiciled at 1679 West Main Street in Ville Platte, Louisiana, 70586.

3.    Defendant Slap Ya Momma's Biloxi, Inc. ("Biloxi") is a Mississippi corporation with its principal office at 1785 Beach Boulevard in Biloxi, Mississippi, 39531. Biloxi may be served through its registered agent for service of process, William Symmes, at

1806 23rd Ave., Suite A, in Gulfport, Mississippi, 39501.

4. Upon information and belief, defendant Joyce Wintzell is a resident of the state of Mississippi and is a director and the president of Biloxi.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. Sec. 1121, and under 28 U.S.C. Secs. 1331, 1332, and 1338. This Court has jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. Secs. 1338 and 1367.

6. This Court has personal jurisdiction over Defendant Biloxi because, upon information and belief, Biloxi has undertaken affirmative acts in this District to infringe upon Walker & Sons' federally-protected marks as well as engage in unfair and deceptive trade practices and acts which have caused damage to Walker & Sons and/or has otherwise established contacts with this state making the exercise of personal jurisdiction proper.

7. Venue is proper in this District under 28 U.S.C. Sec. 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## FACTUAL BACKGROUND

8. The Walker family began selling their family-recipe Cajun powdered seasoning under a homemade label reading "slap your mama" in 1996, at a convenience store along Louisiana state Highway 29. Plaintiff first sold Slap Ya Mama Cajun Seasoning at the Smoked Meats Festival in Ville Platte in June 1998. The Walkers have been accruing rights in the name "Slap Ya Mama" since that first use.

9. Through Plaintiff's extensive use and advertising, the SLAP YA MAMA mark has become widely known and is famous. Plaintiff's use of its SLAP YA MAMA name and marks has been valid and continuous since the date of first use and has not been abandoned.

10. Plaintiff is the owner of U.S. registrations for its marks as follows:

| Exhibit | Mark | Reg. No. | First Use in Commerce | Filing Date | | Goods |
|---|---|---|---|---|---|---|
| A | SLAP YA MAMA | 3,921,514 | 7/1/1998 | 2/14/2008 | 2/22/2011 | Flavorings and seasonings; Food seasonings. |
| B | SLAP YA MAMA & Design | 3,921,517 | 7/1/1998 | 3/17/2008 | 2/22/2011 | Flavorings and seasonings; Food seasonings. |

True and correct copies of the Certificates of Registration are attached as Exhibits A and B. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. Secs. 1058 and 1065, for the foregoing registrations corresponding with Exhibits A and B and accordingly, each is incontestable.

11. Plaintiff's marks referenced in Pars. 9 and 10, and their common-law equivalents, are collectively referred to herein as the "Slap Ya Mama Mark."

12. Defendant Biloxi operates a smokehouse and barbecue restaurant in Biloxi, Mississippi, called "Slap Ya Momma's BBQ," catering to travelers throughout the Gulf Coast, including in Louisiana. Biloxi promotes its goods and services using variations on the mark "Slap Ya Momma's" and "Slap Ya Momma's BBQ" (collectively, the "Biloxi Mark"). Biloxi's primary online presence is at http://www.slapyamommas.com/ (the "Biloxi Domain").

13. Upon information and belief, Biloxi's website and social-media presence on platforms like Facebook, Yelp, TripAdvisor, and Instagram are designed to attract customers from throughout the Gulf Coast, including from Louisiana. Likewise upon information and belief, Biloxi's activities misdirect consumers in Louisiana and elsewhere to its online and social-media presences even when searching for use of the Slap Ya Mama Mark. A simple Google search of

websites on the phrase "slap ya mama biloxi," for example, *using the Slap Ya Mama Mark*, returns almost exclusively results instead about Biloxi's "Slap Ya Momma's BBQ" restaurant.

14. The Biloxi Mark as used in connection with all of Biloxi's goods and services is an exact sound-alike of the Slap Ya Mama Mark, and differs solely in informal variations in spelling.

15. Because the Slap Ya Mama Mark has accrued decades of goodwill in a national (and international) marketplace for food products, products and services such as those offered by Biloxi are within Plaintiff's natural zone of trade expansion. Consumers understand a connection between those food products offered under the Slap Ya Mama Mark and Biloxi's goods and services.

16. Not only does use of the Biloxi Mark make consumer confusion likely between the parties' products, Defendant's activities have recently engendered *actual* consumer confusion. For example, on October 11, 2019, a Biloxi customer wrote to Walker & Sons indicating she "went to your Biloxi store on 10/11/19" and was dissatisfied with the pulled pork and coleslaw she received (copy of electronic mail attached as Exhibit C).

17. On or about July 2, 2020, a customer of Plaintiff's commented on Walker & Sons' Facebook page that he "[h]ad a meal at your restaurant in Biloxi, MS Sunday" and opined that "[f]or someone who make good spice products your restaurant was bland and dull in its taste and overall appeal. Really was a let down as I use your products" (copy of Facebook comment attached as Exhibit D).

18. On or about July 22, 2020, a Twitter user posted "SLAP YA MAMA's in Biloxi is HIGHLY RECOMMENDED!" (copy of tweet attached as Exhibit E).

19. On or about July 24, 2020, a customer of Plaintiff's posted on Instagram, identified with Plaintiff's #slapyamama hashtag, a photograph of *Biloxi's restaurant* with the caption "Mississippi day trip" (copy of Instagram photograph attached as Exhibit F).

20. Defendant's continued use of an exact sound-alike of the Slap Ya Mama Mark in connection with its business operations and in connection with its internet advertising have created and will continue to create a likelihood of consumer confusion as to the source, origin, sponsorship, or affiliation of Defendant's business and services with Plaintiff's. Defendant's activities result in Defendant being unjustly enriched as a result of creating such confusion and (among other harms to Plaintiff) it harms Plaintiff's goodwill by causing Plaintiff not to be able to control how its brand is used and perceived by the public.

21. On information and belief, Ms. Wentzell is the President of Slap Ya Momma's Biloxi, and financially benefits from the acts of infringement complaint of herein.

### FIRST CAUSE OF ACTION
**(Infringement of Federally Registered Trademarks under 15 U.S.C. Sec. 1114)**

22. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-20.

23. Defendant's unauthorized use of confusingly similar imitations of Plaintiff's Slap Ya Mama Mark in connection with Defendant's advertising, promotion, and offering of services is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such services. The consuming public is likely to believe that Defendant's services are somehow affiliated or associated with Plaintiff when such is not the case.

24. By its unauthorized use of confusingly similar imitations of Plaintiff's Slap Ya Mama Mark in connection with the advertising, promotion, and offering of services through internet advertising, Defendant has infringed and continues to infringe the registered Slap Ya Mama Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Defendant's acts of trademark infringement, as alleged herein, have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct. In addition, Defendant has been unjustly

enriched by reason of its trademark infringement in that they have achieved profits, and the opportunity to earn future profits, as a direct and proximate result of its illegal conduct.

26. Defendant's trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

27. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through its infringing use of confusingly similar imitations of Plaintiff's Slap Ya Mama Mark in connection with the advertising, promotion, and offering of its services, and the costs of this action.

**SECOND CAUSE OF ACTION**
**(False Designation of Origin and False Advertising under 15 U.S.C. § 1125(a)(1)(A)-(B))**

28. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-26.

29. Defendant's activities constitute false designation of origin under 15 U.S.C. 1125(a)(1)(A).

30. By its unauthorized use of confusingly similar imitations of Plaintiff's Slap Ya Mama Mark in association with its internet advertising, Defendant has made false statements and misrepresentations of fact regarding its services in connection with the advertising, promotion, and offering of its services in interstate commerce.

31. Defendant has made and is making misrepresentations concerning the nature, qualities, characteristics, affiliation, and origin of its services to create a false impression about the goods and services offered by Defendant and the existence of an affiliation between Defendant's services and Plaintiff.

32. Defendant's statements and representations are false, misleading, and likely to deceive relevant customers and the public.

33. Defendant's statements and misrepresentations are material in that they likely will

influence the deceived purchasers' purchasing decisions.

34. Defendant's false statements and misrepresentations constitute false advertising and false designation of origin under 15 U.S.C. § 1125, are causing, and are likely to cause irreparable and inherently unquantifiable injury and harm to Plaintiff and to the public.

35. Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

36. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through its unlawful use of confusingly similar imitations of the Slap Ya Mama Mark, and the costs of this action.

## THIRD CAUSE OF ACTION
### (Trademark Dilution under 15 U.S.C. § 1125(c))

37. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-35.

38. The Slap Ya Mama Mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Plaintiff's goods. The Slap Ya Mama Mark became famous long prior to Defendant's confusingly similar use of the Biloxi Mark, as alleged herein.

39. Defendant's use of the Biloxi Mark, or other confusingly similar imitations of the Slap Ya Mama Mark, in connection with Defendant's advertising, promotion, and offering for sale of its goods and services is likely to cause dilution of Plaintiff's famous Slap Ya Mama Mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the latter Mark's capacity to identify and distinguish Plaintiff exclusively as the source of goods and services in the United States bearing or provided under the famous Slap Ya Mama Mark and otherwise blurring Plaintiff's famous Slap Ya Mama Mark.

40. Defendant's unauthorized use of the Biloxi Mark, or other confusingly similar imitations of the Slap Ya Mama Mark, in connection with Defendant's advertising, promotion, and offering for sale of its goods and services is intended and has the effect of trading on Plaintiff's reputation and causing dilution of the famous Slap Ya Mama Mark.

41. Upon information and belief, Defendant cannot assert any rights in the Biloxi Mark that are prior to Plaintiff's first use, actual or constructive, of the Slap Ya Mama Mark.

42. Defendant's trademark dilution as alleged herein has injured and will continue to injure Plaintiff in that Plaintiff has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct, unless this Court enjoins such conduct. In addition, Defendant has been unjustly enriched by reason of its acts of trademark dilution in that it has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

43. Plaintiff is entitled to recover all damages sustained by Defendant's action, all profits realized by Defendant through its unlawful activities which dilute the Slap Ya Mama Mark, and the costs of this action.

## FOURTH CAUSE OF ACTION
(Trademark Dilution under LSA-R.S. 51:223.1)

44. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-42.

45. Defendant's conduct as alleged above constitutes injury to business reputation and dilution of the distinctive quality of Plaintiff's Slap Ya Mama Mark, in violation of LSA-R.S. 51:223.1.

## FIFTH CAUSE OF ACTION
(Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law)

46. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-44.

47. Defendant's conduct as alleged above constitutes trademark infringement, unfair competition and deceptive trade practices and acts in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq.

48. Defendant's trademark infringement, unfair competition and deceptive trade practices and acts as alleged above have injured Plaintiff in that Plaintiff has suffered damage to

its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct. In addition, Defendant has been unjustly enriched by reason of its trademark infringement, unfair competition and deceptive trade practices and acts in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

49.   Pursuant to LSA-R.S. 51:1409(A), Plaintiff is entitled to an award of its actual damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that a judgment be entered:

1.   Permanently enjoining Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, pursuant to the powers granted to this Court by 15 U.S.C. Sec. 1116, LSA-R.S. 51:223.1, and LSA-R.S. 51:1409, from:

a. using Plaintiff's Slap Ya Mama Mark, and any confusingly similar imitations thereof (including, without limitation the Biloxi Mark and the Biloxi Domain), in connection with Defendant's business or services, including but not limited to the advertising of those services in internet advertisements;

b. using the Biloxi Mark and the Biloxi Domain and any other trademark, service mark, name, logo, domain name, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's business or services are the business or services of Plaintiff, or are

sponsored by or in any way related to Plaintiff; and

    c. falsely representing that Defendants have any affiliation with Walker & Sons, L.L.C. in any internet advertising or other false representations respecting the nature, qualities, or characteristics of Defendant's services.

2. Awarding Plaintiff compensatory and enhanced damages, including Plaintiff's damages and Defendant's profits (which may be enhanced up to three times Defendant's profits); an accounting for all profits received by Defendant's unauthorized use of Plaintiff's Slap Ya Mama Mark and confusingly similar imitations thereof (including, without limitation, the Biloxi Mark and the Biloxi Domain); the costs of this action; reasonable attorneys' fees under 15 U.S.C. Sec. 1117 and LSA-R.S. 51:1409; and trebling of damages and profits as authorized by law.

3. Granting Plaintiff such other and further relief as a matter of law or equity as the Court may deem just and proper.

Dated: April 8, 2021.

        /s/Ryan Goudelocke _____
        **Ryan M. Goudelocke**
        CARAWAY LEBLANC
        130 S. Audubon Blvd., Suite 105
        Lafayette, LA 70503
        *Mailing Address:*
        3936 Bienville Street
        New Orleans, Louisiana 70119
        (337) 345-1985 (tel)
        (337) 233-9095 (fax)
        Email: rgoudelocke@carawayleblanc.com
        ***Counsel for Walker & Sons, L.L.C.***